JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
The defendant-appellee, Amanda Franks, was arrested and charged with driving under the influence of alcohol in violation of R.C. 4511.19
(A)(1)[1] and driving with a prohibited breath-alcohol content in violation of R.C. 4511.19(A)(4).[2]
She entered a plea of not guilty and moved to suppress all evidence of intoxication. At the suppression hearing, the arresting officer testified that he had viewed Franks turning her car around in a parking lot early in the morning. He then stopped her, thinking that she might be lost. The trial court granted the motion, ruling that the traffic stop was not supported by probable cause. The state appeals from this decision, certifying under Crim.R. 12(K) that the ruling on the motion to suppress has rendered its proof on the pending charges so weak that any reasonable possibility of effective prosecution has been destroyed.[3]
Temporary detention of individuals by police during an automobile stop constitutes a seizure of persons within the meaning of the Fourth Amendment.[4] Therefore, the Fourth Amendment imposes a standard of reasonableness upon a police officer's exercise of discretion in making traffic stops.[5] Generally, a noninvestigatory traffic stop must be supported by probable cause, which typically arises when an officer witnesses a traffic violation.[6]
Nevertheless, there are some situations in which a police officer may make a noninvestigatory automobile stop without probable cause.[7] For example, police may sometimes intrude upon the privacy interests of an individual merely to provide aid, in performance of community caretaking functions.[8] But the reasonableness of such a traffic stop is limited.[9] The individual's right to personal security and privacy must be outweighed by the public or governmental interest involved in making the stop.[10] Although aiding a lost motorist may be a legitimate government interest, "it is an interest entitled to extremely slight weight"; otherwise it could be asserted as a pretext for illegitimate motives.[11]
This court recently addressed the reasonableness of the lost-motorist justification in State v. King.[12] We articulated three factors for consideration as part of the reasonableness inquiry: (1) the legitimacy of the reasons given by the police for making the traffic stop and the degree of the public interest involved; (2) the attendant circumstances surrounding the seizure, including the exigency of the situation, and the time, location, and degree of the overt authority and force displayed; and (3) the availability and effectiveness of alternatives to the type of intrusion that actually occurred.[13]
In this case, the King factors weigh strongly against a finding of reasonableness. The legitimacy of the reasons proffered to justify the traffic stop of Franks was questionable, and the public interest involved in making the traffic stop was slight. The state argues that the arresting officer's actions advanced two governmental interests: (1) not allowing a drunk driver back into his vehicle; and (2) assisting a lost driver. The first justification was illegitimate because the police at the station would not have allowed a drunk driver to drive himself home within hours of an OVI arrest. As to the second justification, the circumstances surrounding the stop did not strongly suggest that Franks was a lost driver. Although the arresting officer knew that Franks was most likely a relative of a recently arrested man, the fact that the car was near a police station when it turned around in a parking lot did not necessitate the conclusion that Franks was lost.
Further, the attendant circumstances surrounding the seizure of Franks were not those exigent circumstances contemplated by the King court to justify a courtesy stop. Courtesy stops are reasonable where the asserted state interest outweighs the individual's right to privacy.[14] For example, the state's interest in public safety may be sufficient to justify a stop where police reasonably believe that a driver is seriously ill or falling asleep.[15]
Finally, the stop was unreasonable because there were less intrusive and equally effective means available to accomplish the proffered purpose of aiding a lost driver. The arresting officer could have made his presence known, providing Franks the opportunity to seek aid, without effecting a seizure.
The state cites two cases upholding the reasonableness of courtesy stops, but each is distinguishable from this case. In State v.Carlile,[16] a police officer saw a vehicle whose driver had flashed the high-beam lights several times. Believing the lights to be a signal that someone in the car needed help, the officer stopped the vehicle and subsequently arrested the driver for driving while intoxicated. The trial court denied the defendant's motion to suppress, and the court of appeals affirmed, holding that the officer had acted on an objectively reasonable interpretation of the flashing lights.[17] The officer reasonably believed that the defendant in Carlile had reached out for help, inviting the officer's intrusion. Conversly, in this case, Franks did not signal the police and gave no indication that she required help. Therefore, it was not reasonable for the arresting officer to detain her based on the assumption that she was lost.
In State v. Wise,[18] the court affirmed the denial of the defendant's motion to suppress, holding that the Fourth Amendment was not implicated when a police officer approached a stopped vehicle. In other words, the initial police action in Wise did not constitute a seizure because no traffic stop was made. Here, by contrast, a seizure occurred where the arresting officer pulled over Franks by a show of authority and detained her.
In sum, Franks was stopped without a reasonable suspicion of criminal activity, without probable cause to believe that a traffic violation had occurred, and without satisfying any of the factors articulated in King.
Accordingly, the judgment of the trial court granting Franks's motion to suppress is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Hendon, JJ.
[1] Recodified at R.C. 4511.19(A)(1)(a).
[2] Recodified at R.C. 4511.19(A)(1)(d).
[3] The appeal numbered C-040679 pertains to the R.C. 4511.19(A)(4) charge. The appeal numbered C0-40680 pertains to the R.C. 4511.(A)(1) charge. We have consolidated these cases for purposes of appeal.
[4] See Whren v. U.S. (1996), 517 U.S. 806, 809, 116 S.Ct. 1769.
[5] See Delaware v. Prouse (1979), 440 U.S. 648, 653-654, 99 S.Ct. 1391.
[6] See State v. Moeller (Oct. 23, 2000), 12th Dist. No. CA99-07-128.
[7] See U.S. v. Dunbar (1979), 470 F.Supp. 704.
[8] Id at 707, citing Cady v. Dombrowski (1973), 413 U.S. 433,93 S.Ct. 2523.
[9] Id.
[10] See U.S. v. Brignoni-Ponce (1975), 422 U.S. 873, 878, 95 S.Ct. 2574.
[11] Dunbar, supra, at 707-708.
[12] (Mar. 26, 1999), 1st Dist. No. C-980523.
[13] Id.
[14] Id.
[15] Id., citing U.S. v. Dunbar (1979), 470 F.Supp. 704.
[16] (May 14, 1999), 2nd Dist. No. 17270.
[17] Id.
[18] (Aug. 16, 2000), 5th Dist. No. 00CA00009.